UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARIO FEDERICONI, | * | CIV. 10-mc-12 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| CLIENT SERVICES, INC., | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Citibank's motion to quash a subpoena (Doc. 1). Federiconi has moved to strike portions of Citibank's rebuttal brief and an affidavit because matters are raised for the first time which were not addressed in their opening brief (Doc. 18).

## JURISDICTION

The pending Motion was referred to the Magistrate Judge pursuant to Judge Piersol's Order dated February 4, 2010 (Doc. 8) and pursuant to 28 U.S.C. § 636(b)(1)(A) and Judge Piersol's Standing Order dated November 29, 2006. A new Standing Order was filed by Chief Judge Karen Schreier on March 18, 2010.

## BACKGROUND

Federiconi used a Citibank credit card at Home Depot. He didn't pay the bill. Citibank referred the debt to a collection agency, Client Services, Inc. Client Services sent a form letter to Federiconi offering to compromise the debt for 80%. The form letter included this sentence:

> If the amount written-off is equal or greater than $600.00, our client is required by Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C.

This sentence might be false, depending on complicated exceptions to this reporting requirement as outlined in the Fair Debt Collection Practice Act and the Internal Revenue Code.[1]

Federiconi sued the collection agency[2]. Federiconi served a subpoena duces tecum on Citbank who is not a party to the lawsuit. Citibank filed this motion to quash or modify the subpoena, or in the alternative for a protective order. Six lawyers, two federal lawsuits, two filing fees, and twenty documents[3] later the parties have yet to reach the merits of this $850 Citibank credit card bill. The case has been scheduled for arbitration in the Eastern District of Pennsylvania on May 13, 2010.

**DECISION**

Federal Rule of Civil Procedure 45 addresses subpoenas and quashing subpoenas. A subpoena shall be quashed when it requires disclosure of "privileged or other protected matter, if no exception or waiver applies." F.R.Civ.P. 45(c)(3)(A)(iii). A subpoena may be quashed when it requires disclosing a trade secret or other confidential research, development, or commercial information; or requires disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. F.R.Civ.P. 45(c)(3)(B)(i) & (ii).

The discovery rules apply to subpoenas issued under F.R.Civ.P. 45. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir.1998). "Parties may obtain discovery regarding any matter, not

---

[1] That matter is not addressed here.

[2] *See Federiconi v. Client Services, Inc.*, CIV. 09-4553 (E.D. Pa.)

[3] Twenty documents in this underlying lawsuit. There are others in the overlying lawsuit.

privileged, that is relevant to the claim or defense of any party..." Fed.R.Civ.P. 26(b)(1). The initial burden of justifying that the material sought in discovery should not be produced is on the party seeking to block the production. *In re: Remington Arms Co., Inc.*, 952 F.2d 1029, 1032 (8th Cir. 1991). The First Circuit Court of Appeals noted about the subject of securing information from non-parties to a lawsuit:

> It is also noteworthy that the respondents are strangers to the antitrust litigation; insofar as the record reflects, they have no dog in that fight. Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

*Cusumano*, 162 F.3d at 717.

The subpoena here commands compliance in two categories: (1) produce eight categories of documents, and (2) produce a corporate witness to testify at a deposition about seven described subjects.

Documents:

- Item 1 is perhaps foundationally relevant, i.e. the steps taken to locate and produce the subpoenaed documents.

- Item 2 is relevant, i.e. documents relating the Federiconi's account including the breakdown of principal and interest owing on December 26, 2008.

- Item 6 is relevant, i.e. communications between any employee or agent and Client Services, Inc. regarding Federiconi's account, including the collection letter. Item 6, however, includes communications of Citibank's legal counsel which on its face invades the attorney-client privilege or work product doctrine.

- Item 7 is relevant, i.e. any review of the December 26, 2008, collection letter sent by Client Services.

- Items 3 & 4 are not relevant, i.e. Citibank's policies or procedures provided to Client Services and relating to filing Form 1099-c and discussions with Client Services about those subjects.

- Item 5 is not relevant, i.e. Citibank's contract with Client Services for collection.

- Item 8 addresses electronically stored documents and is relevant regarding the items which are relevant, i.e. Items 1, 2, 6, & 7.

Deposition:

- The subjects for the deposition are the same first seven listed in the document section of the subpoena, so the subjects for the deposition described at Items 1, 2, 6, and 7 are appropriate for deposition testimony.

Items 1, 2, 6, & 7 are not overly broad or too burdensome for non-party Citibank to produce the documents, nor is it overly broad or too burdensome for non-party Citibank to produce a witness who can testify about those subjects. Likewise, these items do not require disclosing a trade secret or other confidential research, development, or commercial information and do not require disclosing opinion evidence from an unretained expert.

Item 6 calls for communications from legal counsel. On its face the legal communications part of this request invades the attorney-client privilege and violates the work product doctrine. [Federal Rule of Civil Procedure 45(c)(3)(A)(iii)](#) mandates this part of the subpoena to be quashed.

**ORDER**

It is ORDERED that the motion to quash subpoena ([Doc. 1](#)) is GRANTED IN PART and DENIED IN PART as follows:

1. GRANTED as to items 3, 4, & 5, of both the document production request and the deposition subject request.

2. DENIED as to items 1, 2, 6, 7, and 8 of the document production request and 1, 2, 6, & 7 of the deposition subject request.

3. GRANTED as to the request for communications of or with legal counsel in item 6 of both the document production request and the deposition subject request.

It is further ORDERED that the motion to strike is DENIED as moot (Doc. 18).

Dated this 9th day of April, 2010.

BY THE COURT:

s/John E. Simko

_____
John E. Simko
United States Magistrate Judge